STATE

v.

Jeffrey M. PLANTE.

No. 94–285–Appeal.

Supreme Court of Rhode Island.

Dec. 21, 1994.

Andrew Berg, Aaron Weisman, Providence.

Paula Hardiman, Paula Rosin, Providence.

ORDER

This matter came before this court on December 16, 1994, pursuant to an order directing the parties to appear in order to show cause why the issues in the defendant's appeal should not be summarily decided.

The defendant Jeffrey Plante (defendant) appeals his convictions of kidnapping and first degree sexual assault. On appeal defendant asserts that the trial justice erred by: refusing to grant defendant's motion for new trial, failing to grant defendant's motion for judgment of acquittal on the charge of kidnapping, and improperly instructing the jury on the state's burden of proof.

Defendant initially contends that the trial justice erred in failing to grant defendant's motion for new trial. Upon review of the record, we cannot say that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *State v. Caruolo*, 524 A.2d 575, 585 (R.I.1987). Therefore, we are of the opinion that the trial justice properly denied defendant's motion for new trial.

In the second issue on appeal, defendant asserts that the trial justice erred by failing to grant defendant's motion for judgment of acquittal on the charge of kidnapping. We agree. In *State v. Innis*, 433 A.2d 646, 655 (R.I.1981), we stated that "[a]ny movement of a victim during the course of a crime cannot be punished as kidnapping unless such movement exceeds that necessary to facilitate the crime at hand." The victim was voluntarily driving defendant when she was forced to proceed a short distance further to a seclud-

ed spot wherein the assault occurred. This asportation of the victim was merely incidental to the crime of sexual assault. *Id.* Therefore, the trial justice erred in denying defendant's motion for judgment of acquittal on the charge of kidnapping.

In the last issue on appeal, defendant avers that the following jury instruction was erroneous:

> "Proof beyond a reasonable doubt exists when if (sic) after you have carefully reviewed and considered all of the evidence that you heard from the witness stand, you are convinced that the defendant did in fact do the acts charged by the State, then proof beyond a reasonable doubt has *probably* been established." (Emphasis added).

The instruction given in the instant case paralleled the one we upheld in *State v. Thorpe,* 429 A.2d 785, 789 (R.I.1981). We have examined the context of the term "probably" as used in the total jury instructions. We are of the opinion that the trial justice properly instructed the jury on the state's burden of persuasion.

Consequently, after hearing the arguments of counsel and reviewing the memoranda that the parties submitted, this court concludes that cause has not been shown. Therefore, the defendant's appeal is denied in part and affirmed in part. To the extent noted above, the judgment appealed from is vacated in part and affirmed in part.